IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CYNTHIA ELLISON, | : |
| | : RECEIVED |
| PLAINTIFF, | : |
| | : 2005 SEP 21 P 4:12 |
| V. | : CIVIL ACTION NO. 2:05cv902-B |
| | : |
| AUBURN UNIVERSITY | : |
| MONTGOMERY | : JURY DEMAND REQUESTED |
| | : |
| DEFENDANT. | : |

## COMPLAINT

**A. JURISDICTION**

1.  Comes now the Plaintiff, Cynthia Ellison, (hereinafter referred to as "Plaintiff Ellison"), and by and through her counsel, and files this Complaint, institutes these proceedings, and invokes the jurisdiction of this Court pursuant to applicable laws under 28 U.S.C. § 1331 and 1334 (a)(4), as an action arising under the Act of Congress known as Title VII of the **Civil Rights Act of 1964,** as amended, 42 U.S.C. § 2000(e) et seq.), as amended by the 1991 Civil Rights Act, 42 U.S.C. § 1981a, 42 U.S.C. §1981; to provide injunctive relief, the costs of suit, including reasonable attorneys fees, back pay, compensatory and punitive damages, and all other or different relief the Court may deem appropriate and necessary for the Plaintiff Ellison's suffering due to her race and retaliation, which led to a hostile work environment and constructive discharge.

2.  Plaintiff Ellison filed her original charge of race discrimination, retaliation and constructive discharge claim with the Equal Employment Opportunity Commission, ("EEOC"), Birmingham District Office, Charge No. 130-2005-02400 against Auburn University Montgomery (AUM) on or about February 11, 2005. (See attached Charge of Discrimination). The EEOC issued Plaintiff Ellison a **Notice of Right To Sue**, on July 7, 2005, which was received by Plaintiff Ellison on or about July 9, 2005. (See attached Dismissal and Notice of Rights).

3. The unlawful employment practices which are alleged herein were committed in the county of Montgomery in the Middle District of Alabama. Since Defendant's place of business is located in Montgomery, Alabama, venue is also appropriate in the Middle District of Alabama, Northern Division.

**B. PARTIES**

4. Plaintiff Ellison is over the age of nineteen (19) years, and at all times relevant hereto, has been a citizen of the United States of America and a resident at 1598 Sandstone Court, Montgomery, Alabama 36117.

5. Defendant Auburn University of Montgomery (hereinafter referred to as "AUM"), has its primary place of business and agent located in Montgomery County, Alabama, 7430 East Drive, Montgomery, Alabama, 36124.

**C. STATEMENT OF FACTS FOR PLAINTIFF ELLISON**

6. Plaintiff Cynthia Ellison was employed by Defendant AUM for the Past twenty (20) years. She was first employed with Defendant AUM, July 2, 1984. Plaintiff Ellison was a faithful, dedicated and loyal employee for Defendant AUM, in the School of Science Dean's Office.

7. Plaintiff Ellison held the position of Executive Secretary, which was subsequently changed to Senior Administrative Associate/Advisor, which carried with it numerous job duties. For over twenty years, Plaintiff Ellison received excellent evaluations from the Defendant, and never had any reprimands, frivolous write ups or any other type of disciplinary actions.

8. During her last four years of Plaintiff Ellison's employment, Chris Mahaffy, a

2

Caucasian male, was Chair of the Physical Science Department of AUM.  Mr. Mahaffy is Irish origin, and made racial statements, such as, but not limited to, the following: **1) that he had never seen a black person before he came to the United States of America, 2) black citizens do not seem to be as smart as white citizens in the United States, 3) with two blacks in the office it is going to be an uphill battle, etc.** On one occasion in January 2005, Mr. Mahaffy wore a t-shirt, which read, **"I'm a redneck."**  He made Plaintiff Ellison read the t-shirt aloud, and asked her, what did she think.

    9.  Chris Mahaffy very much wanted to be the Dean of the School of Sciences.  An initial search was made for a new Dean back in 2002, but Mr. Mahaffy was not selected.  The University chose, a Caucasian male, namely, Bob Elliot to fill this position.  Soon thereafter, Mr. Elliott retired as Dean, which left this position vacant.  As a result, another search was conducted to fill this position.  In 2004, Dr. Bayo Lawal, an African, was selected as Dean of the School of Sciences, which sent Mr. Mahaffy into an extreme uproar, causing a discriminatory campaign attack not only on Dr. Lawal, but against Plaintiff Ellison because of her African American race.

    10.  Mr. Mahaffy, began to single out Plaintiff Ellison, who was on the selection committee, and vocally accused her, of his non-selection as Dean, which was reported by Plaintiff Ellison.  Mr. Mahaffy's secretary, Allison Stevens called Plaintiff **"NIGGER,"** and Mr. Mahaffy, himself, stated, **"blacks should not hold responsible positions."**

    11.  Plaintiff avers that Mr. Mahaffy, made the statements to Debra Foster, Director of the Department of Human Resources and Affirmative Action, and in the

3

presence of Faye Ward, the Assistant Director of Human Resources.

12. In addition, Associate Dean Glen Ray informed Plaintiff Ellison that racial remarks made by Mr. Mahaffy **were so disparaging and bad that he (Mr. Ray) could not repeat them.**

13. Unfortunately, due to Mr. Mahaffy's initial belief that Plaintiff Ellison did not support him for the Deanship, and in response to the discrimination complaint filed by Plaintiff Ellison on December 3, 2004, Mr. Mahaffy retaliation increased intensely.

14. Plaintiff avers that Mr. Mahaffy's discriminatory avenge against her, increased to the point, where Plaintiff believes that Mr. Mahaffy became mentally unstable, whereas AUM Acting and Associate Dean's requested that he seek psychiatric assistance.

15. Plaintiff Ellison to little or no avail, reported the discriminatory and retaliatory action she was subjected to as an employee of Defendant AUM, to all the Deans in her chain of command as well as to AUM's Vice Chancellor.

16. Plaintiff avers that on or about February 3, 2005, a memorandum was issued to Mr. Mahaffy requesting that he cease his retaliation against Plaintiff Ellison, but the retaliation did not; it intensified to the point where Plaintiff Ellison feared her life and requested security, which was not provided to her by Defendant AUM.

17. Plaintifff avers that on or about February 7, 2005, she sent Debra Foster, Director of Human Resources and Affirmative Action, a lettter setting forth her dismay with Mr. Mahaffy. In addition, on or about February 9, 2005, Plaintiff Ellison delivered a memorandum to Dr. Lawal, Dean of the School of Sciences, stating, "please accept this

as my notification to you of my intent to retire." Plaintiff Ellison believed she had no alternative, but to resign under the intense pressure to which she was subjected to by the Defendant, which Plaintiff considers here separation to be "constructive discharge."

18. Plaintiff Ellison avers that she is a victim of race discrimination, unlawful retaliation, hostile work environment, retaliation, and constructive discharge, all of which is in violation fo Title VII of the Civil Rights Laws, 42 U.S.C. §2000(e), 42 U.S.C. §1981.

19. Plaintiff Ellison has suffered intense mental and emotional anguish and continues to suffer the same.

### PLAINTIFF ELLISON'S CAUSES OF ACTION

#### COUNT I:
#### RACE DISCRIMINATION IN VIOLATION OF
#### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, as amended
#### SECTION 2000(e), et seq.
#### and the 1991 Civil Rights Act, 42 U.S.C. § 1981a, 42 U.S.C. §1981.

20. Plaintiff Ellison repeats, realleges, and incorporates by reference paragraphs 1-19 above and further aver that her treatment by the Defendant was effected with the design, intent and purpose of forcing Plaintiff Ellison to retire from her job due to race discrimination.

21. Plaintiff Ellison avers that the personnel actions taken against her violated her right to be free of race discrimination in employment, in violation of Title VII of the Civil Rights Act of 1964, as amended and 42 U.S.C.A. Section 2000(e) et seq. and the 1991 Civil Rights Act, 42 U.S.C. § 1981a, 42 U.S.C. §1981.

22. Plaintiff Ellison avers that she has pursued and exhausted all of her administrative remedies.

23. Plaintiff Ellison avers that she has lost income and benefits, and suffered mental anguish, as a result of Defendant's wrongful actions toward her. As a direct and proximate result of Defendant's actions, Plaintiff has been compelled to retain the services of counsel to enforce the terms and conditions of the relationship with Defendants, and has thereby incurred, and will continue to incur, legal fees and cost, the full nature and extent of which are presently unknown to her. Plaintiff will therefore seek leave of Court to amend this Complaint in that regard when the same shall be fully and finally ascertained. Plaintiff requests that attorneys' fees also be awarded.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff Ellison respectfully prays that this Court grants her the following relief:

a) A judgment declaring that Plaintiff Ellison was discriminated against by the Defendant, due to her race;

b) An injunction requiring that Defendant grants Plaintiff Ellison all employment benefits and other rights to which she may have been entitled, had she not been a victim of race discrimination;

c) A judgment awarding Plaintiff Ellison compensatory and punitive damages, including damages for mental anguish, which this Court may deem just and proper under the facts and circumstances of this case;

d) An award of all court costs and reasonable attorneys' fees, including those incurred for seeking administrative relief; and

e) Such further, other or different relief, as the Court may deem appropriate

and necessary.

## COUNT II

### RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, SEC. 704(a), as amended in 42. U.S.C.A. Sec. 2000(e) et seq.

24. Plaintiff Ellison repeats, realleges, and incorporates by reference paragraphs 1-23 above, and further avers that the retaliation towards her by the Defendant was effected with the design, intent, and purpose of denying Plaintiff Ellison by retaliating against her due to her reporting discrimination and because of race.

25. Plaintiff Ellison also avers that she has pursued her administrative remedies. Plaintiff Ellison avers that she has lost income and benefits and suffered mental anguish as a result of Defendant's wrongful actions toward her.

26. Plaintiff Ellison also avers that Defendant's actions against her were willful and wanton, such that an award of punitive damages is appropriate.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff Ellison respectfully prays that this Court grant the following relief;

a) A judgment declaring that Plaintiff Ellison was retaliated against by the Defendants due to the Plaintiff reporting discrimination.

b) An injunction restraining the Defendant from further retaliation against Plaintiff Ellison.

c) A judgment awarding Plaintiff Ellison such compensatory and punitive damages to which she may be entitled;

d)   A judgment restoring all other benefits that would have been available to Plaintiff Ellison, had this retaliation not occurred.

e)   A judgment awarding Plaintiff Ellison her costs in this action, including reasonable attorney's fees; and

f)   A judgment granting Plaintiff Ellison such other, further, and different relief to which she may be entitled.

**COUNT III**

**HOSTILE WORK ENVIRONMENT IN VIOLATION OF
TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, SEC. 704(a),
as amended in 42. U.S.C.A. Sec. 2000(e) et seq.**

27.   Plaintiff Ellison repeats, realleges, and incorporates by reference paragraphs 1-26 above, and further avers that the retaliation towards her by the Defendant was effected with the design, intent, and purpose of subjecting Plaintiff Ellison to a hostile work environment.

28.   Plaintiff Ellison also avers that she has pursued her administrative remedies.

29.   Plaintiff Ellison avers that she has lost income and benefits and suffered mental anguish as a result of Defendant's wrongful actions toward her.

30.   Plaintiff Ellison also avers that Defendant's actions against her were willful and wanton, such that an award of punitive damages is appropriate.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff Ellison respectfully prays that this Court grant the following relief;

a)   A judgment declaring that Plaintiff Ellison was subjected to a hostile work environment by the Defendant.

b) An injunction restraining the Defendant from further subjecting her to a hostile environment.

c) A judgment awarding Plaintiff Ellison such compensatory and punitive damages to which she may be entitled;

d) A judgment restoring all other benefits that would have been available to Plaintiff Ellison, had this retaliation not occurred.

e) A judgment awarding Plaintiff Ellison her costs in this action, including reasonable attorney's fees; and

f) A judgment granting Plaintiff Ellison such other, further, and different relief to which she may be entitled.

## COUNT IV

## CONSTRUCTIVE DISCHARGE IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, SEC. 704(a), as amended in 42. U.S.C.A. Sec. 2000(e) et seq.

31. Plaintiff Ellison repeats, realleges, and incorporates by reference paragraphs 1-30 above, and further avers that the she was forced to resign from her position by the Defendant was effected with the design, intent, and purpose of subjecting Plaintiff Ellison to a constructive discharge.

32. Plaintiff Ellison also avers that she has pursued her administrative remedies.

33. Plaintiff Ellison avers that she has lost income and benefits and suffered mental anguish as a result of Defendant's wrongful actions toward her.

34. Plaintiff Ellison also avers that Defendant's actions against her were willful and wanton, such that an award of punitive damages is appropriate.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff Ellison respectfully prays that this Court grant the following relief;

a) A judgment declaring that Plaintiff Ellison was subjected forced to resign from her job, which she believes was constructive discharge by the Defendant.

b) An injunction restraining the Defendant from further retaliation against Plaintiff Ellison.

c) A judgment awarding Plaintiff Ellison such compensatory and punitive damages to which she may be entitled;

d) A judgment restoring all other benefits that would have been available to Plaintiff Ellison, had this constructive discharged not occurred.

e) A judgment awarding Plaintiff Ellison her costs in this action, including reasonable attorney's fees; and

f) A judgment granting Plaintiff Ellison such other, further, and different relief to which she may be entitled.

Respectfully submitted this 20th day of September, 2005.

_____
CYNTHIA ELLISON, Plaintiff

_____
Karen Sampson Rodgers (SAM018)
Julian McPhillips (MCP004)

OF COUNSEL:
McPHILLIPS, SHINBAUM & GILL, L.L.P.
P.O. Box 64
516 South Perry Street
Montgomery, Alabama 36101
(334) 262-1911

**A jury trial is requested on all issues so triable.**

10