## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA

## NORTHERN DIVISION

| | | |
|---|---|---|
| **CYNTHIA ELLISON,** | **)** | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| v. | ) | **Civil Action No.** |
| | ) | 2:05-CV-00902-MHT-DRB |
| **AUBURN UNIVERSITY** | **)** | |
| **MONTGOMERY,** | **)** | |
| | ) | |
| **Defendant** | ) | |

## AMENDED ANSWER

Defendant Auburn University Montgomery (AUM) answers the Complaint of Plaintiff Cynthia Ellison.

## FIRST DEFENSE

Plaintiff's claims under 42 U.S.C. § 1981 are barred by sovereign immunity pursuant to the eleventh amendment to the Constitution.

## SECOND DEFENSE

The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

## THIRD DEFENSE

Plaintiff's purported claims are barred to the extent they involve transactions or events, or seek damages for periods, outside applicable limitations periods.

## FOURTH DEFENSE

To the extent that any action complained of by Plaintiff occurred more than 180 days prior to her filing of a charge with the Equal Employment Opportunity Commission, the granting of any relief under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, is untimely and barred by § 706(e) of Title VII, 42 U.S.C. § 2000e-5(e).

## FIFTH DEFENSE

The Court lacks jurisdiction under Title VII over all acts and omissions complained of in this action which the Plaintiff has not made the subject of a timely civil action.

## SIXTH DEFENSE

To the extent that Plaintiff's claims were not included within an administrative charge timely filed with the EEOC, and were neither investigated nor conciliated by the Commission, Plaintiff has failed to satisfy the conditions precedent to filing an action under Title VII.

## SEVENTH DEFENSE

Plaintiff's claims are barred to the extent that any other administrative prerequisites have not been met.

## EIGHTH DEFENSE

Plaintiff's claims fail because at all times AUM's treatment of Plaintiff was based on legitimate nondiscriminatory reasons, including reasonable factors other than Plaintiff's race.

## NINTH DEFENSE

Plaintiff's claims fail for lack of an adverse employment action.

## TENTH DEFENSE

To the extent either that the misconduct alleged by Plaintiff was neither severe nor pervasive, or that the alleged misconduct did not occur with sufficient frequency to create an abusive or hostile environment, Plaintiff's Title VII claims are barred.

## ELEVENTH DEFENSE

To the extent either that Plaintiff's perception of the misconduct she alleges was not reasonable, or that the alleged misconduct would not be considered offensive by a reasonable person, Plaintiff's Title VII claims are barred.

## TWELFTH DEFENSE

Plaintiff's claims fail due to AUM's prompt and effective remedial action.

## **THIRTEENTH DEFENSE**

AUM categorically denies that it has permitted, tolerated, or condoned any unlawful harassment or discrimination whatsoever, and AUM further denies that a hostile work environment was ever permitted, tolerated, or condoned. Nevertheless, should there be any finding to the contrary, AUM states that (a) its management exercised reasonable care to prevent and promptly correct any alleged unlawful harassing behavior and to prevent the creation of any alleged hostile work environment, and (b) Plaintiff unreasonably failed to take advantage of preventive or corrective opportunities provided by AUM and otherwise failed to avoid alleged harm to herself. While Plaintiff was employed by AUM, she was aware of the policy against unlawful harassment and nevertheless failed to give notice of alleged harassment, or failed to give timely notice of alleged harassment.

## **FOURTEENTH DEFENSE**

AUM expressly denies that any of its employees, officers or agents acted in any manner that would violate federal law, including engaging in racial harassment and/or discrimination or retaliation against Plaintiff; nonetheless, if Plaintiff's rights were violated, any violation occurred outside the scope of employment or agency of any employee, officer, or agent, and without the consent of AUM. AUM did not condone, ratify, or tolerate any such conduct, but

4

instead prohibited such conduct, and such conduct may not be attributed to AUM through principles of agency, *respondeat superior*, or otherwise.

### FIFTEENTH DEFENSE

Plaintiff's racial harassment claims are barred to the extent that AUM exercised reasonable care to prevent and to correct promptly any racially harassing behavior, and Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by AUM or to avoid harm otherwise.

### SIXTEENTH DEFENSE

Plaintiff's claim that AUM subjected her to oral harassment is barred to the extent the actions complained of were protected by the free speech clause of the first amendment to the Constitution.

### SEVENTEENTH DEFENSE

Plaintiff's claim for retaliation fails because AUM has adopted and enforced an anti-discrimination / no-harassment policy, and AUM has properly and promptly investigated and remedied all known complaints or acts of unlawful conduct or discrimination allegedly committed against Plaintiff.

### EIGHTEENTH DEFENSE

Plaintiff's claim of constructive discharge may be barred in whole or in part by the doctrines of estoppel and unclean hands.

## NINETEENTH DEFENSE

Any and all conduct of which Plaintiff complains and which is attributed to AUM or its agents or employees  was a just and proper exercise of management's discretion on the part of AUM or its agents or employees and was undertaken for a legitimate non-discriminatory and/or lawful reason.

## TWENTIETH DEFENSE

AUM contends that no discriminatory employment decisions were made in this case.  AUM may not be held vicariously liable for punitive damages under Title VII based on unlawful employment decisions made by its managerial agents, if any are proven, because any such unlawful decisions were contrary to AUM's policies and good-faith efforts to comply with Title VII and other federal laws.

## TWENTY-FIRST DEFENSE

To the extent that Plaintiff seeks back pay or other relief under Title VII for alleged acts of discrimination occurring more than two years prior to the date she filed her charge with the EEOC, any relief is time barred by § 706(g) of Title VII, 42 U.S.C. § 2000e-5(g).

## TWENTY-SECOND DEFENSE

Plaintiff is not entitled to trial by jury for other than claims to legal relief.

## TWENTY-THIRD DEFENSE

To the extent that any recovery on Plaintiff's Complaint may be either completely or substantially barred due to after-acquired evidence, any recovery to which Plaintiff might otherwise be entitled must be appropriately offset.

## TWENTY-FOURTH DEFENSE

AUM may not be held liable for any alleged injuries or damages resulting from the effects of Plaintiff's preexisting emotional, psychological, or physical conditions not the result of any act or omission of AUM.

## TWENTY-FIFTH DEFENSE

To the extent that Plaintiff has suffered losses and AUM is found liable therefor, any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part by any failure by Plaintiff to mitigate her damages.

## TWENTY-SIXTH DEFENSE

AUM will be entitled to a set off against Plaintiff's claims in the amounts Plaintiff will obtain or reasonably can obtain from other gainful activities and unemployment compensation after her separation from employment.

## TWENTY-SEVENTH DEFENSE

Plaintiff's request for injunctive relief fails to state a claim upon which relief can be granted because Plaintiff has an adequate remedy at law.

## TWENTY-EIGHTH DEFENSE

AUM's actions were neither the cause in fact nor the proximate cause of any injury Plaintiff can prove.

## TWENTY-NINTH DEFENSE

The Civil Rights Act of 1991, 42 U.S.C. § 1981a(b)(1), prohibits and bars any award of punitive damages against AUM.

## THIRTIETH

Plaintiff is barred from pursuing claims for punitive damages because AUM engaged in no acts or omissions which rise to the level required to sustain an award of punitive damages.

## THIRTY-FIRST DEFENSE

Plaintiff's allegations fail to state a claim for either compensatory or punitive damages upon which relief can be granted.

## THIRTY-SECOND DEFENSE

Plaintiff's claims for punitive damages violate the due process clause of the fourteenth amendment to the United States Constitution in one or more of the following respects:

(a)     The punitive damages claimed are vastly disproportionate to the actual damages claimed or available;

(b)     The award of punitive damages would constitute an arbitrary and capricious taking of AUM's property which is unjustified by any rational governmental interest; and/or

(c)     The award of punitive damages with wholly standardless discretion is inconsistent with due process.

### THIRTY-THIRD DEFENSE

The award of punitive or extra-contractual damages on the basis of vicarious derivative, or attributed liability for the conduct of others violates the fifth, eighth and fourteenth amendments to the United States Constitution.

### THIRTY-FOURTH DEFENSE

The imposition of punitive damages to punish those who have liability only by implication of law infringes upon the due process and equal protection provisions of the United States Constitution.

### THIRTY-FIFTH DEFENSE

The imposition of punitive damages in this case would violate the equal protection clause of the fifth and fourteenth amendments to the United States Constitution because, among other reasons, criminal defendants are placed in a position of distinct advantage over civil defendants of comparable culpability due to the disparity in punitive treatment for similar conduct, and because the absence of sufficiently specific and objective standards for the imposition of

punitive damages fails to ensure equality of treatment between and among similarly situated civil defendants in the same case or in different cases.

### THIRTY-SIXTH DEFENSE

The present procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes upon the due process and equal protection provisions of the United States Constitution.

### THIRTY-SEVENTH DEFENSE

Plaintiff's claims for punitive damages violate the self-incrimination clause of the fifth amendment to the United States Constitution in that the damages claimed are penal in nature while AUM is required to disclose documents and/or other evidence without the safeguards against self-incrimination set out in the fifth amendment.

### THIRTY-EIGHTH DEFENSE

Plaintiff's claims for punitive damages violate the sixth amendment to the United States Constitution in that they are penal in nature, entitling AUM to the same procedural safeguards accorded to a criminal defendant under the sixth amendment.

## THIRTY-NINTH DEFENSE

Plaintiff's claims for punitive damages violate the fifth amendment to the United States Constitution in that no person shall be deprived of life, liberty, or property except by due process of law, and the punitive damages claimed are vague and not rationally related to any legitimate government interest.

## FORTIETH DEFENSE

Subject to the preceding affirmative and other defenses, AUM responds to the specific allegations of the Complaint.  AUM denies all allegations that it does not specifically admit.  AUM intends and makes no implied admissions.

### *A.  Jurisdiction*

1.      Responding to Paragraph 1, AUM admits that Plaintiff sues it pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*; that Title VII authorizes relief to victims of employment discrimination; and that this Court has subject matter jurisdiction over Plaintiff's claims under Title VII; however, AUM denies that it violated Title VII or any other federal statute with respect to Plaintiff's employment, and AUM further denies that Plaintiff is entitled to any relief.  AUM denies all remaining or inconsistent allegations of Paragraph 1.

2.      Responding to Paragraph 2, AUM admits that Plaintiff filed an administrative charge of employment discrimination with the Equal

Employment Opportunity Commission sometime in February 2005, and that the EEOC issued a Dismissal and Notice of Rights to Plaintiff sometime in July 2005 based on the EEOC's determination that its investigation had failed to substantiate a violation of Title VII.  AUM is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's assertion of when she received the Dismissal and Notice of Rights.  AUM denies all remaining or inconsistent allegations of Paragraph 2.

3.    Responding to Paragraph 3, AUM admits only that venue is appropriate in any judicial district in the State of Alabama, but AUM denies that it committed unlawful employment practices in this or any other judicial district in the State of Alabama.  AUM denies all remaining or inconsistent allegations of Paragraph 3.

## B.  Parties

4.    AUM admits Paragraphs 4 and 5.

## C. Statement of Facts for Plaintiff Ellison

5.    Responding to Paragraph 6, AUM admits only that, until Plaintiff gave notice of her voluntary retirement in February 2005, AUM had employed Plaintiff since July 1984, and that Plaintiff worked in the Dean's office in the School of Sciences.  AUM denies all remaining or inconsistent allegations of Paragraph 6.

Atlanta 998096.1

6.      Responding to Paragraph 7, AUM admits only that it employed Plaintiff in a position at one time titled Executive Secretary and at other times titled Senior Administrative Associate / Advisor.  AUM denies all remaining or inconsistent allegations of Paragraph 7.

7.      Responding to Paragraph 8, AUM admits only that Chris Mahaffy served for a period of time in the administrative role as Chairman of the Department of Physical Science.  AUM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 8.

8.      Responding to Paragraph 9, AUM admits only that, in consecutive searches for a Dean for the School of Sciences, AUM chose Bob Elliot as Dean, followed by Bayo Lawal as Dean.  AUM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 9.

9.      AUM denies Paragraphs 10, 11, 12, 13, and 14.

10.     Responding to Paragraph 15, AUM admits only that Plaintiff sent a report critical of Chris Mahaffy's behavior to it, which AUM immediately investigated.  AUM denies all remaining or inconsistent allegations of Paragraph 15.

11.    Responding to Paragraph 16, AUM admits only that, in response to Plaintiff's earlier report, it took prompt and remedial action to correct Chris Mahaffy's behavioral problems that seemingly had caused Plaintiff to complain about him.  AUM denies all remaining or inconsistent allegations of Paragraph 16.

12.    Responding to Paragraph 17, AUM admits only that, sometime in February 2005, Plaintiff sent a letter to Debra Foster, AUM's Senior Director of Human Resources, and that, sometime in February 2005, Plaintiff delivered her notice of retirement to Bayo Lawal, Dean of the School of Sciences.  AUM denies all remaining or inconsistent allegations of Paragraph 17.

13.    AUM denies Paragraphs 18 and 19.

### *Plaintiff Ellison's Causes of Action*

### *Count I:*

### *Race Discrimination Violation of Title VII of the Civil Rights Act of 1964 as amended Section 2000e et seq. and the 1991 Civil Rights Act, 42 U.S.C. § 1981a, 42 U.S.C. § 1981*

14.    Responding to Paragraph 20, AUM incorporates its responses to Paragraphs 1 through 19 as if fully set out.  AUM denies all remaining or inconsistent allegations of Paragraph 20.

15.    AUM denies Paragraph 21.

16.     Responding to Paragraph 22, AUM is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegation that she has exhausted her required administrative remedies.

17.     Responding to Paragraph 23, AUM denies that it discriminated against Plaintiff under Title VII or any other federal statute, and AUM therefore denies that Plaintiff has suffered any damages, or that Plaintiff is entitled to any relief.  AUM further denies all remaining or inconsistent allegations of Paragraph 23.

<u>Prayer for Relief</u>

18.     Responding to Plaintiff's unnumbered Paragraph containing her prayer for relief under Count I, AUM denies that Plaintiff is entitled to any relief, and AUM further denies all remaining or inconsistent allegations of Plaintiff's prayer for relief.

<u>Count II</u>

<u>Retaliation in Violation of Title VII of the Civil Rights Act of 1964, Sec. 704(a), as amended in 42 U.S.C.A. § 2000e et seq.</u>

19.     Responding to Paragraph 24, AUM incorporates its responses to Paragraphs 1 through 23 as if fully set out.  AUM denies all remaining or inconsistent allegations of Paragraph 24.

20.    Responding to Paragraph 25, AUM admits that Plaintiff has pursued some administrative remedies.  AUM denies all remaining or inconsistent allegations of Paragraph 25.

21.    AUM denies Paragraph 26.

22.    Responding to Plaintiff's unnumbered Paragraph containing her prayer for relief under Count II, AUM denies that Plaintiff is entitled to any relief, and AUM further denies all remaining or inconsistent allegations of Plaintiff's prayer for relief.

### *Count III*

### *Hostile Work Environment in Violation of Title VII of the Civil Rights Act of 1964, Sec. 704(a), as amended in 42 U.S.C.A. § 2000e et seq.*

23.    Responding to Paragraph 27, AUM incorporates its responses to Paragraphs 1 through 26 as if fully set out.  AUM denies all remaining or inconsistent allegations of Paragraph 27.

24.    Responding to Paragraph 28, AUM admits only that Plaintiff pursued some administrative remedies.

25.    AUM denies Paragraphs 29 and 30.

26.    Responding to Plaintiff's unnumbered Paragraph containing her prayer for relief under Count III, AUM denies that Plaintiff is entitled to any

relief, and AUM further denies all remaining or inconsistent allegations of Plaintiff's prayer for relief.

### Count IV

### Constructive Discharge in Violation of Title VII of the Civil Rights Act of 1964, Sec. 704(a), as amended in 42 U.S.C.A. § 2000e et seq.

27.    Responding to Paragraph 31, AUM incorporates its responses to Paragraphs 1 through 30 as if fully set out, and AUM denies all remaining or inconsistent allegations of Paragraph 31.

28.    Responding to Paragraph 32, AUM admits only that Plaintiff has pursued some administrative remedies.

29.    AUM denies Paragraphs 33 and 34.

30.    Responding to Plaintiff's unnumbered Paragraph containing her prayer for relief under Count IV, AUM denies that Plaintiff is entitled to any relief, and AUM further denies all remaining or inconsistent allegations of Plaintiff's prayer for relief.

Having answered Plaintiff's Complaint and having asserted affirmative and other defenses, AUM requests that the Court dismiss the Complaint, enter judgment for AUM, and award AUM its costs and attorneys fees as may prove warranted pursuant to Title VII, 42 U.S.C. § 1988, 28 U.S.C. § 1927, and Fed. R. Civ. P. 11.

**AUBURN UNIVERSITY MONTGOMERY**

s/Burton F. Dodd
Burton F. Dodd
Georgia Bar No. 223880
*bdodd@laborlawyers.com*


FISHER & PHILLIPS LLP
945 East Paces Ferry Road
Suite 1500
Atlanta, Georgia 30326
(404) 231-1400 (Voice)
(404) 240-4249 (Facsimile)

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA

### NORTHERN DIVISION

| | | |
|---|---|---|
| **CYNTHIA ELLISON,** | **)** | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| v. | ) | **Civil Action No.** |
| | ) | 2:05-CV-00902-MHT-DRB |
| **AUBURN UNIVERSITY** | ) | |
| **MONTGOMERY,** | ) | |
| | ) | |
| **Defendant** | ) | |

### CERTIFICATE OF SERVICE

I certify that, on March 1, 2006, I electronically filed Auburn's Amended Answer with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

**Julian Lenwood McPhillips, Jr.**
astrickland@msg-lawfirm.com

**Karen Sampson Rodgers**
karensrodgers@email.com

**AUBURN UNIVERSITY MONTGOMERY**

s/Burton F. Dodd
Burton F. Dodd
Georgia Bar No. 223880
bdodd@laborlawyers.com

Atlanta 998096.1

FISHER & PHILLIPS LLP
945 East Paces Ferry Road
Suite 1500
Atlanta, Georgia 30326
(404) 231-1400 (Voice)
(404) 240-4249 (Facsimile)