**IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| CYNTHIA ELLISON, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:05-CV-902-MHT-DRB |
| | ) | |
| AUBURN UNIVERSITY | ) | |
| MONTGOMERY, | ) | |
|     Defendant. | ) | |

**PLAINTIFF'S OPPOSITION
TO DEFENDANT'S MOTION TO AMEND ANSWER**

COMES NOW, the above-named Plaintiff, Cynthia Ellison, by and through her attorney, Karen Sampson Rodgers, of McPhillips Shinbaum, and hereby submits her objections to Defendant's Motion to Amend Answer, and as reasons states as follows:

**A. FACTS**

The Complaint in this case was filed on September 21, 2005. The defendant filed its Answer on October 20, 2005. Four months later, on February 28, 2006, the defendant filed a motion to amend its answer, claiming it had not waived immunity, nor had its sovereign immunity abrogated by Congress. (Docs. 14, 15).

On March 9, 2006, this Court granted the defendant's motion, and ordered the plaintiff to file any objections thereto within seven days of the Court's Order (Doc. 18).

**B. POINTS AND AUTHORITIES**

1. Motion to Amend May Be Denied if Futile. Rule 15, Federal Rules of Civil Procedure, governs the amendment of pleadings. Under Rule 15(a), a party may amend his pleading only by leave of court or by written consent of the adverse party; and "leave shall be freely given when justice so requires." However, the district court may properly

deny a motion to amend if the amendment is futile. <u>Vanderberg v. Donaldson</u>, 259 F.3d 1321, 1327 (11th Cir. 2001), <u>citing</u> <u>Brewer-Giorgio v. Producers Video, Inc.</u>, 216 F.3d 1281, 1284 (11th Cir. 2000) (motion to amend may be denied if amendment is futile). See also e.g. <u>UFCW v. Philip Morris, Inc.</u>, 223 F.3d 1271 (11th Cir. 2000), <u>reh., en banc, den.</u>, 239 F.3d 371 (11th Cir. 2000).

2. <u>Congress Has Properly Abrogated States' Immunity in Discrimination Matters</u>. Congress may abrogate a state's sovereign immunity, but it can only do so if: (a) Congress "unequivocally expressed its intent to abrogate the immunity," through "a clear legislative statement;" and (b) Congress has acted "pursuant to a valid exercise of power." <u>Seminole Tribe v. Florida</u>, 517 U.S. 44, 55; 116 S. Ct. 1114, 1123; 134 L. Ed. 2d 252 (1996) (quoting Green v. Mansour, 474 U.S. 64, 68, 106 S. Ct. 423, 426, 88 L. Ed. 2d 371 (1985)).

It is well established that Congress expressed a clear intent to abrogate the immunity. When Title VII was first enacted in 1964, its coverage was not extended to state and local governments. Then in 1972, the statute was amended to include "governments, governmental agencies, [and] political subdivisions." 42 U.S.C. § 2000e(a).

In <u>Fitzpatrick v. Bitzer</u>, 427 U.S. 445, 449 n.2, 96 S. Ct. 2666, 2668 n.2, 49 L. Ed. 2d 614 (1976), the Supreme Court described the statutory change as follows:

> The definition of "person" in § 701(a) of the 1964 Act, 78 Stat. 253, 42 U.S.C. § 2000e(a), was amended by § 2(1) of the Equal Employment Opportunity Act of 1972 (hereinafter the 1972 Amendments), 86 Stat. 103, 42 U.S.C. § 2000e(a) (1970 ed., Supp. IV), to include "governments, governmental agencies, [and] political subdivisions."

The express exclusion of "a State or political subdivision thereof" provided in § 701(b) of the former was stricken by § 2(2) of the latter, 86 Stat. 103, 42 U.S.C. § 2000e(b) (1970 ed., Supp. IV). Section 2(5) of the 1972 Amendments, 86 Stat. 103, 42 U.S.C. § 2000e(f) (1970 ed., Supp. IV), amended § 701(f) of the 1964 Act, 42 U.S.C. § 2000e(f), to include within the definition of "employee" those individuals "subject to the civil service laws of a State government, governmental agency or political subdivision."

The 1972 Amendments retained the right of an individual aggrieved by an employer's unlawful employment practice to sue on his or her own behalf, upon satisfaction of the statutory procedural prerequisites, and made clear that that right was being extended to persons aggrieved by public employers. See 1972 Amendments, § 4(a), 86 Stat. 104, 42 U.S.C. §§ 2000e-5(a)-(g) (1970).

In Fitzpatrick, the Supreme Court concluded that, in the 1972 Amendments to Title VII of the Civil Rights Act of 1964, Congress, acting under Section 5 of the Fourteenth Amendment, authorized federal courts to award money damages in favor of a private individual against a state government found to have subjected that person to employment discrimination on the basis of "race, color, religion, sex, or national origin. Fitzpatrick v. Bitzer, 427 U.S. 445, 447-48, 96 S. Ct. 2666, 2667, 49 L. Ed. 2d 614 (1976).

The Supreme Court also stated that "there is no dispute that in enacting the 1972 Amendments to Title VII to extend coverage to the States as employers, Congress exercised its power under § 5 of the Fourteenth Amendment." Id. at 453 n.9, 96 S. Ct. at 2670 n.9.

Given this "clear precedential guidance," the Eleventh Circuit stated it had "no hesitation in concluding that Congress unequivocally expressed its intent to abrogate the

states' Eleventh Amendment immunity when it amended Title VII to cover state and local governments." <u>Crum v. Alabama</u> (In re Employment Discrimination Litig.), 198 F.3d 1305, 1317 (11th Cir. 1999), <u>reh., en banc, denied</u>, 212 F.3d 602 (11th Cir. 2000).

The Eleventh Circuit went on to say that "In enacting the provisions of Title VII, Congress unequivocally expressed its intent to abrogate states' Eleventh Amendment sovereign immunity, and Congress acted pursuant to valid exercise of its Fourteenth Amendment enforcement power; thus, claims of discrimination against the state are not barred by the Eleventh Amendment." <u>Id.</u>

The Eleventh Circuit is not alone in its conclusion that Congress has abrogated state government immunity in employment discrimination cases. <u>See e.g.</u>, <u>Okruhlik v. University of Arkansas</u>, 255 F.3d 615 (8h Cir. 2001); <u>Velasquez v. Frapwell</u>, 160 F.3d 389 (7th Cir. 1998), <u>vacated, in part</u> (7th Cir. 1999); <u>Maitland v. University of Minnesota</u>, 260 F.3d 959 (8th Cir. 2001), <u>cert. denied</u> 535 U.S. 929, 152 L. Ed. 2d 212, 122 S. Ct. 1300 (2002).

## C. ARGUMENT

In the 1972 Amendments to Title VII of the Civil Rights Act of 1964, Congress authorized federal courts to award money damages in favor of a private individual against a state government found to have subjected that person to employment discrimination on the basis of "race, color, religion, sex, or national origin," expressly abrogating States' immunity from liability in employment discrimination cases.

The district court may properly deny a motion to amend pleadings where the amendment is futile. Here, the amendment submitted by the defendant is, in fact, futile

because the defendant does not enjoy sovereign immunity from liability for

discriminatory employment practices.

Therefore, the defendant's Motion to Amend is due to be denied.

WHEREFORE, above premises considered, Plaintiff Ellison respectfully requests

that this honorable Court deny the defendant's motion to amend its answer for the reasons

stated above.

RESPECTFULLY SUBMITTED this 15th day of March 2006.

**CYNTHIA ELLISON**
Plaintiff

/s/ Karen Sampson Rodgers
KAREN SAMPSON RODGERS
Alabama Bar No. SAM018
McPhillips Shinbaum, LLP
Post Office Box 64
Montgomery, Alabama 36101
(334) 262-1911
(334) 263-2321 Fax

**CERTIFICATE OF SERVICE**

I hereby certify that, on this date, a copy of the foregoing was sent via facsimile to

(404) 240-4249, and via U.S. mail, first class postage pre-paid, to the following address:

Burton F. Dodd, Esq.
Fisher & Phillips, LLP
945 East Paces Ferry Road
Suite 1500
Atlanta, Georgia 30326

/s/ Karen Sampson Rodgers
KAREN SAMPSON RODGERS