# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF ALABAMA

# NORTHERN DIVISION

| | |
|---|---|
| **CYNTHIA ELLISON,** | ) |
| Plaintiff | ) ) ) ) |
| v. | ) **Civil Action No.** ) 2:05-CV-00902-MHT-DRB |
| **AUBURN UNIVERSITY MONTGOMERY,** | ) ) ) |
| Defendant | ) |

## **DEFENDANT'S FIRST MOTION FOR SUMMARY JUDGMENT**

Defendant Auburn University Montgomery (AUM) moves the Court for summary judgment on Plaintiff's claims under Section 1 of the Civil Rights Act of 1866, 42 U.S.C. § 1981. AUM states that there is no genuine issue of material fact, and that it is entitled to judgment as a matter of law, for the following reasons:

1. AUM is a constitutionally-created instrumentality of the State of Alabama, and the eleventh amendment to the U.S. Constitution therefore grants AUM sovereign immunity from private actions in federal courts, including claims under Section 1981.

2. AUM does not consent to this lawsuit.

Because Plaintiff can prove no set of facts authorizing her recovery against AUM under Section 1981, AUM is entitled to summary judgment. AUM requests that the Court grant its motion.

**AUBURN UNIVERSITY MONTGOMERY**

s/Burton F. Dodd
Burton F. Dodd

Georgia Bar No. 223880
bdodd@laborlawyers.com


FISHER & PHILLIPS LLP
945 East Paces Ferry Road
Suite 1500
Atlanta, Georgia 30326
(404) 231-1400 (Voice)
(404) 240-4249 (Facsimile)

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF ALABAMA

## NORTHERN DIVISION

| | |
|---|---|
| **CYNTHIA ELLISON,** )  | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | **Civil Action No.** |
| ) | 2:05-CV-00902-MHT-DRB |
| **AUBURN UNIVERSITY** ) | |
| **MONTGOMERY,** ) | |
| ) | |
| Defendant ) | |

## CERTIFICATE OF SERVICE

I certify that, on July 3, 2006, I electronically filed Defendant's First Motion for Summary Judgment and its accompanying Memorandum of Law with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

**Karen Sampson Rodgers**
karensrodgers@email.com

**AUBURN UNIVERSITY MONTGOMERY**

s/Burton F. Dodd
Burton F. Dodd

Georgia Bar No. 223880
bdodd@laborlawyers.com

FISHER & PHILLIPS LLP
945 East Paces Ferry Road
Suite 1500
Atlanta, Georgia 30326
(404) 231-1400 (Voice)
(404) 240-4249 (Facsimile)

Atlanta 1008209.1

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF ALABAMA

## NORTHERN DIVISION

| | |
|---|---|
| **CYNTHIA ELLISON,** ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | **Civil Action No.** |
| ) | 2:05-CV-00902-MHT-DRB |
| **AUBURN UNIVERSITY** ) | |
| **MONTGOMERY,** ) | |
| ) | |
| Defendant ) | |

## DEFENDANT'S MEMORANDUM OF LAW
## IN SUPPORT OF FIRST MOTION FOR SUMMARY JUDGMENT

Plaintiff's Section 1981 claims are barred by the eleventh amendment, entitling AUM to summary judgment.

## ARGUMENT

### I.   Plaintiff's Section 1981 Claims Are Ripe for Summary Disposition

Summary judgment procedure under Fed. R. Civ. P. 56 is a tool by which "factually insufficient claims or defenses [can] be isolated and prevented from going to trial with the attendant unwarranted consumption of public and private resources."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The Supreme Court instructs that summary judgment is required and "should be granted [when] 'the pleadings, depositions, answers to interrogatories, and admissions on file,

Atlanta 1008209.1

together with the affidavits, if any, show that there is no genuine issue as to any material fact.'" *Id.* at 322. A genuine issue of material fact does not exist unless "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Cox v. Administrator U.S. Steel & Carnegie*, 17 F.3d 1386, 1396 (11th Cir. 1994) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

An issue is not genuine if it is unsupported by evidence, or if it is created by evidence that is "merely colorable" or is "not significantly probative." *Anderson*, 477 U.S. at 250; *Apcoa, Inc. v. Fidelity Nat'l Bank*, 906 F.2d 610, 611 (11th Cir. 1990). Likewise, a fact is not material unless it is identified by the controlling substantive law as an essential element of the non-moving party's case. *Anderson*, 477 U.S. at 248; *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). Accordingly, to survive a motion for summary judgment, the non-moving party must come forward with specific evidence of every element material to his case so as to create a genuine issue for trial. *See Celotex*, 477 U.S. at 323; *Brown v. City of Clewiston*, 848 F.2d 1534, 1537 (11th Cir. 1988).

Because there is no genuine issue of material fact as to Plaintiff's Section 1981 claims under controlling constitutional law (Plaintiff can prove no set of facts authorizing relief under Section 1981), AUM is entitled to summary judgment.

**II.     AUM is a Constitutionally-Created Instrumentality of the State of Alabama and therefore Enjoys Eleventh Amendment Sovereign Immunity**

The eleventh amendment provides that:

> the judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI.  The eleventh amendment not only prohibits suits against the states in federal court by citizens of other states, but it also prohibits a citizen from bringing suit against her own state, state agents, or state instrumentalities in federal court.  *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267-68 (1997); *Regents of Univ. of California v. Doe*, 519 U.S. 425, 429 (1997).

To determine whether an institution asserting sovereign immunity is an agent or instrumentality of the state, the Court must examine state law.  *Brown v. East Central Health Dist.*, 752 F. 2d 615, 617 (11th Cir. 1985).  Here, AUM is part of Auburn University, which is a constitutionally-created state entity under Amendment 670 of the Alabama Constitution of 1901.  *Rigby v. Auburn Univ.*, 448 So.2d 345 (Ala. 1984).  Thus, as an entity created by the state constitution, AUM is the functional equivalent of the State of Alabama for purposes of the eleventh amendment and shares in the sovereignty of the State.  AUM's sovereign immunity thus bars Plaintiff's Section 1981 claims as a matter of law.  *Smith v.*

*Auburn Univ.*, 201 F.Supp.2d 1216, 1227 (M.D. Ala. 2002); *see Williams v. Alabama State Univ.*, 102 F.3d 1179 (11th Cir. 1997) (ASU dismissed in federal action under eleventh amendment).

### III.  AUM Does Not Consent to Suit

AUM has not consented to this lawsuit, and Plaintiff does not contend that it has.  Indeed, as stated by the Supreme Court, "no consent could be given under Art. I, § 14, of the Alabama Constitution, which provides that 'the State of Alabama shall never be made a defendant in any court of law or equity.'" *Alabama v. Pugh*, 438 U.S. 781, 782 (1978).  In *Alabama v. Pugh*, the Supreme Court held that, absent an express waiver by the State of its eleventh amendment immunity, neither the State nor its agencies may be sued for injunctive relief in federal court.  *See Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974).   And as a matter of uncontestable state constitutional law, Alabama has not expressly waived its sovereign immunity, confirming again both that Plaintiff is prohibited from suing the State, including AUM, under 42 U. S. C. §1981, and that AUM is entitled to summary judgment.   *Smith v. Auburn Univ., Supra.*

### CONCLUSION

For the preceding reasons, AUM requests that the Court grant its motion for summary judgment as to Plaintiff's clams under 42 U. S. C. § 1981.

Atlanta 1008209.1

**AUBURN UNIVERSITY MONTGOMERY**

s/Burton F. Dodd
Burton F. Dodd

Georgia Bar No. 223880
*bdodd@laborlawyers.com*


FISHER & PHILLIPS LLP
945 East Paces Ferry Road
Suite 1500
Atlanta, Georgia 30326
(404) 231-1400 (Voice)
(404) 240-4249 (Facsimile)

Atlanta 1008209.1