IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **CYNTHIA ELLISON,** | |
| **Plaintiff** | |
| v. | Civil Action No. 2:05-CV-00902-MHT-DRB |
| **AUBURN UNIVERSITY MONTGOMERY,** | |
| **Defendant** | |

RECEIVED 2006 JUL 19 P 4: 26
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

## PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST MOTION FOR SUMMARY JUDGMENT

COMES NOW, the Plaintiff in the afore-styled case and moves this Honorable Court to DENY the Defendant's First Motion for Summary Judgment on Plaintiff's claims under Section 1 of the Civil Rights Act of 1886, 42 U.S.C. § 1981. Plaintiff asserts that there is a genuine issue of material facts,[1] thus, the Defendants are NOT entitled to judgment as a matter of law, for the following reasons:

1. Defendant has not met the initial responsibility of identifying the portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, which it believes demonstrate the absence of a genuine issue of material fact. Thus, the Defendant has not met its burden.

---

[1] Plaintiff incorporates by reference Plaintiff's Complaint and provide the deposition of both Plaintiff Ellis and Faye Ward, Former Assistant Human Resource Manager for Defendant AUM.

2. The case law states that Defendant **always bears the initial burden, if the moving party fails** to overcome this initial burden, the motion for summary judgment should be denied.

3. Even if AUM is considered to be immuned the Defendant did not properly meet the standards for summary judgment.

4. AUM consented to the lawsuit, answered the lawsuit, amended its answer to the lawsuit, took depositions, requested production of documents, interrogatories and admissions.

5. Defendant AUM is attempting to hide under Section 1981 in order to manipulate their immunity and intentionally discriminate against federal causes of action. (race discrimination).

Therefore, Plaintiff Ellison can prove that there are facts which authorizes her to recover from AUM under Section 1981.  Thus, AUM is not entitled to summary judgment.

Wherefore, Plaintiff requests that this Honorable Court DENY Defendant's Motion.

Respectfully submitted on this the 19th day of July, 2006.

/Karen Sampson Rodgers
Attorney for Plaintiff

McPhillips Shinbaum LLP
516 South Perry Street
Montgomery, Alabama 36104
(334) 262-1911 phone
(334) 263-2321 fax
karensrodgers@email.com
karensamrodgers@yahoo.com

## CERTIFICATE OF SERVICE

     I certify that on July 19, 2006 a copy of Plaintiff's Response to Defendant's First Motion for Summary Judgment was filed in the Clerk of Court's Office and copy mailed to the following:

Burton F. Dodd
Fisher & Phillips LLP
945 East Paces Ferry Road
Suite 1500
Atlanta, Georgia 30326
(404) 231-1400 (Voice)
(404) 240-4249 (Facsimile)

/Karen Sampson Rodgers