IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

CYNTHIA ELLISON,

    Plaintiff

v.                                          Civil Action No.
                                          2:05-CV-00902-MHT-DRB

AUBURN UNIVERSITY
MONTGOMERY,

    Defendant

**PLAINTIFF'S RESPONSE AND MEMORANDUM OF LAW TO
DEFENDANT'S FIRST MOTION FOR SUMMARY JUDGMENT AND
<u>MEMORANDUM OF LAW</u>**

COMES NOW, the Plaintiff, Cynthia Ellison, in the above-styled case, by and through her attorney, Karen Sampson Rodgers, of McPhillips Shinbaum, and hereby submits her objection to Defendant's First Motion for Summary Judgment and Memorandum of Law and as reasons states as follows:

### JURISDICTION AND VENUE

The case at bar arises under Section 1981, the court exercises subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S. C. § 1343 (civil rights). The parties do not contest personal jurisdiction.

### PROCEDURAL BACKGROUND

Plaintiff Cynthia Ellison, an African American female, who was a prior employee of Defendant Auburn University Montgomery (AUM), who held the position of Executive Secretary, which was subsequently changed to Senior

1

Associate/ Advisor charges the Defendant with race discrimination, retaliation, hostile work environment and constructive discharge.  Plaintiff Ellison seeks damages, injunctive relief, and other relief under Title VII of the Civil Rights Acts of 1964, 42 U.S.C. § 2000e, et seq., as amended by the Civil Rights Act of 1991, 42 U.S.C. § 1981 (Section 1981) and 42 U.S.C. § 1981a.

The Defendants asserts Eleventh Amendment sovereign immunity as a bar to the Section 1981 claim.

However, the only claimed raised by the Defendant in the Defendant's First Motion for Summary Judgment was the Section 1981 claim in regards to race discrimination as part of Plaintiff's Count 1 in Plaintiff's Complaint.[1] Since none of the other Title VII claims addressed in the Complaint are challenged, Plaintiff assumes that the Defendant has abandoned these claims and will not address the same.  The only claim in which Plaintiff Ellison will address is the Section 1981 claim.

## STANDARD FOR SUMMARY JUDGEMENT

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986).  The party asking for summary judgment

---

[1] Plaintiff Ellison's Causes of Action, Count I, Race Discrimination in Violation of Title VII of the Civil Rights Act of 1964, as amended Section 2000(e), et. seq. and the 1991 Civil Rights Act, 42 U.S.C. § 1981a, 42, U.S.C. § 1981.

***"always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,'*** which it believes demonstrate the absence of a genuine issue of material fact." <u>Id. at 323</u>. (Emphasis added) The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing the non-moving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. <u>Id. at 322-23</u>.

Once the moving party has met its burden, <u>Rule 56(e)</u> "requires the nonmoving party to go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" <u>Id. at 324</u>. To avoid summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586, 89 L. Ed. 2d 538, 106 S. Ct. 1348 (1986).[2] On the other hand, a court ruling on a motion for summary judgment **must believe** the evidence of the non-movant and **must draw all** justifiable inferences from the evidence in the non-moving party's favor. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 255, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986). (Emphasis added).  After the nonmoving party has responded [*13]

---

[2] If the moving party fails to overcome this initial burden, the motion for summary judgment **must be denied,** and **the court need not consider** what, if any, showing the non-movant has made. 2005 U.S. App. LEXIS 28650. (Emphasis added).

to the motion for summary judgment, the court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c).

"In making this determination, the court must view all evidence and make all reasonable inferences in favor of the party opposing summary judgment." Hayes v. City of Miami, 52 F.3d 918, 921 (11th Cir. 1995).

**DISCUSSION ON MOTION FOR SUMMARY JUDGMENT STADARD**

**A.  Plaintiff's Section 1981 Claims are NOT Ripe for Summary Disposition.**

In the case at bar, the Defendant has not met the initial responsibility of identifying the portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, which it believes demonstrate the absence of a genuine issue of material fact. Thus, the Defendant has not met its burden. Therefore, the Court should DENY the Defendant's Motion. However, without waiving any argument in regards to the Defendant's failed burden Plaintiff provides for discussion the following:

1.  Whether the Defendant Auburn University is a constitutionally created instrumentality of the State of Alabama and the Eleventh Amendment to the U.S. Constitution and thus, should be granted sovereign immunity from private actions in federal courts, including claims under Section 1981.

In determining whether Auburn University was an instrumentality of the State immune from suit, the Court in <u>Rigby v. Auburn University, 448 So. 2d 345 (Ala. 1984)</u>, relied on its declaration in a 1909 case that it was settled law in this State "'that public institutions created by the state purely for charitable or educational purposes are a part of the state, or a mere agency of the state; that the property of such corporations is really and in fact the property of the state ....'" <u>448 So. 2d at 346</u>.

Controlling legal principles dictate the immediate dismissal of the Department on asserted legal claims from which it is immune. <u>Thomas v. Alabama State Department of Mental Health and Mental Retardation</u>, 2005 U.S. Dist. LEXIS 40039 (June 10, 2005). A valid claim of Eleventh Amendment immunity bars the action altogether from proceeding against the movant. *Id.,* <u>Harlow v. Fitzgerald,</u> 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed. 2d 396 (1982); <u>Mitchell v. Forsyth</u>, 472 U.S. 511, 105 S. Ct. 2806, 86 L.ed. 2d 411 (1985); <u>Siegert v. Gilley</u>, 500 U.S. 226, 111 S.Ct. 1789, 114 L. Ed. 2d 277 (1991).

Based on the aforementioned case law, assuming that AUM is considered to be immuned from Section 1981, Defendant did not properly meet its initial burden in its Motion for Summary Judgment.

    2.     Whether AUM consented to the lawsuit.

Plaintiff asserts that AUM waived its consent to become a party to this lawsuit. The Supreme Court has held that reference to the states' immunity from suit as Eleventh Amendment immunity" is "convenient shorthand but something of a misnomer, for the sovereign immunity of the States neither derives from, nor

is limited by, the terms of the Eleventh Amendment. <u>Alden v. Maine</u>, 527 U.S. 706, 713 (1999). The limits on this sovereign immunity include:

    a.    Claims for which the states have consented to suit. *Id.*

    b.    Possibly, situation in which states manipulate their immunity in a systemic fashion to discriminate against federal causes of action. 527 U.S. at 758.

The Defendants have waived its consent, whereas the Defendants have Consented to this lawsuit by Answering the Complaint and filing an Amended Answer, taking several depositions, several discovery request for production of documents, interrogatories, request for admissions, etc. Now after the discovery cut-off date has passed the Defendant now attempts to make a claim of sovereign immunity in regards to Section 1981.

In addition, the Defendant AUM attempts to hide under Section 1981 in order to manipulate their immunity and discriminate against federal causes of actions regarding race.

Specifically, *Section 1981* provides that:

(a) Statement of equal rights

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

(b) "Make and enforce contracts" defined

For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

(c) Protection against impairment

The rights protected by this section are protected against impairment by non-governmental discrimination and impairment under color of State law.

42 U.S.C. § 1981.

Sec. 2 of Pub. L. 102-166 provided that: " The Congress finds that –

"(1) additional remedies under Federal law are needed to deter unlawful harassment and intentional discrimination in the workplace;

"(2) the decision of the Supreme Court in Wards Cove Packing Co. v. Antonio, 490 U.S. 642 (1989) has weakened the scope and effectiveness of Federal Civil Rights protections; and

"(3) legislation is necessary to provide **additional protections against unlawful discrimination** in employment." (See attachment A)

Thus, Defendant is hiding behind the sovereign immunity to intentionally discriminate against Plaintiff Ellison and therefore additional protections against unlawful discrimination in employment is needed by the court to safe guard Plaintiff Ellison.

Plaintiff prays that his Honorable Court DENY Defendant's Motion>

_____
Karen Sampson Rodgers

Attorney for Plaintiff

McPhillips Shinbaum LLP
516 South Perry Street
Montgomery, Alabama 36104
(334) 262-1911 phone
(334) 263-2321 fax
karensrodgers@email.com
karensamrodgers@yahoo.com

## CERTIFICATE OF SERVICE

I certify that on July 19, 2006 a copy of Plaintiff's Response to Defendant's First Motion for Summary Judgment and Memorandum of Law was filed in the Clerk of Court's Office and copy mailed to the following:

Burton F. Dodd
Fisher & Phillips LLP
945 East Paces Ferry Road
Suite 1500
Atlanta, Georgia 30326
(404) 231-1400 (Voice)
(404) 240-4249 (Facsimile)

Karen Sampson Rodgers