**Auburn University Montgomery**
Academic and Student Affairs

February 9, 2005

Ms. Cynthia Ellison
School of Sciences
Auburn University Montgomery
CAMPUS MAIL



DEFENDANT'S EXHIBIT
12

Dear Ms. Ellison:

I received a copy of your February 7, 2005 letter to Debra Foster and I believe it is important to reply to some of the matters raised in your letter. While I do not want to be argumentative, and therefore do not intend to discuss every item in your letter which I might disagree with, I am concerned that you have misunderstood our position and our intentions with respect to your situation.

Since the welfare of each and every AUM employee is our concern and since we take our legal obligations seriously, I wanted to take the time to convey what I believe are some important principles and facts to you.

First and foremost, we would never do anything that would intentionally place an employee's health or safety in jeopardy. Moreover, we do not believe, as your letter suggests, that Chris Mahaffy represents a physical threat to you, Dean Bayo Lawal or others at the university. It is true that I asked a member of our Campus Police force to be stationed outside our offices while I met with Dr. Mahaffy, but this is not an unusual procedure when we hold disciplinary meetings. Of course, you might not be aware of that because we do not publicize that fact. Moreover, I am not aware of anyone asking campus police to escort them to their vehicle. I do recall that in our meeting with you on January 31st, Faye Ward suggested that if you were concerned about your safety, you could at any time ask the campus police to escort you to your vehicle. My recollection is that you rejected that option at that time.

Even though I do not believe that there is a threat presented by Dr. Mahaffy, this does not mean that we intend to ignore or treat your concerns as not being genuine. Therefore, we want to work with you in every way possible to make sure that you are able to do your job without being concerned about your safety. In addition, of course we will strive to create a working environment where employees are able to do their job without unwelcome interference. Again, we will do everything we can to make sure that you remain an effective and efficient employee. This includes interfacing with individuals whose interactions with you do not exhibit the collegiality and cooperativeness that we generally expect here on our campus.

Incidentally, you were not singled out and asked to leave the campus the day I met with Dr. Mahaffy. Because I was meeting with Chris Mahaffy that day, I felt that

after our meeting Chris might well visit the Dean's Office. Because such a visit might be an uncomfortable situation for you and the Dean, I merely suggested that you both might be more comfortable having lunch off campus that day rather than seeing Chris Mahaffy immediately after he had been stripped of his Chairmanship. I saw no reason to invite any kind of verbal exchange at that moment and again, I do not see this as a safety issue, but simply one of avoiding a possible verbal confrontation.

I regret that you feel that we did not act swiftly enough on this matter for you. I recognize that you formally complained in the beginning of December and we ultimately took action less than 2 months later. However, this period included the Christmas Holidays and Semester break. In any investigation, we strive to be thorough and fair to all parties. Moreover, the disciplinary action we took in stripping Dr. Mahaffy of his administrative position as Department Chair was an action that was not to be taken lightly. It was a serious measure intended to ensure that the problem would be properly handled.

I also regret that you apparently misunderstood the intent of my remark with respect to what action you might take. In our meeting, you made the statement that you might take this beyond the university, implying that you would seek out a lawyer or pursue further action through some administrative agency or court. My response was that you had a right to do what you felt you should do. This was not meant to suggest that we were not addressing the situation. It was simply a statement of your rights as a citizen to take advantage of whatever avenues are open to you. Nevertheless, I feel that the university has and will continue to address this in a way which will be effective.

In summary, without addressing every point in your letter, I strongly disagree with your conclusion that you are being "forced" into retirement. The university stands ready to work with you to ensure that you have a workplace free from harassment and retaliation and to eliminate any reasonable concerns that you may have about your safety. I hope that you will take this letter in the spirit in which it is written and work with us going forward.

Sincerely,

Roger A. Ritvo, Ph.D.

Cc: Guin A. Nance, Chancellor
Bayo Lawal, Dean
Debra Foster, Senior Director of Human Resources
Faye Ward, Assistant Director
Lee Armstrong, University Counsel