UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

NORTHERN DIVISION

| | |
|---|---|
| CYNTHIA ELLISON, | ) |
| | ) |
|    Plaintiff | ) |
| | ) |
| v. | )   Civil Action No. |
| | )   2:05-CV-00902-MHT-DRB |
| AUBURN UNIVERSITY MONTGOMERY, | ) |
| | ) |
| | ) |
|    Defendant | ) |

**DEFENDANT'S REPLY MEMORANDUM OF LAW IN SUPPORT OF
<u>FIRST MOTION FOR SUMMARY JUDGMENT</u>**

Defendant Auburn University Montgomery ("AUM") submits its Reply Memorandum of Law in Support of its First Motion for Summary Judgment. The arguments raised in Plaintiff's response brief (Dkt. 27) are circular and unavailing to her. As AUM showed in its First Motion for Summary Judgment, Plaintiff's Section 1981 claims are barred by the Eleventh Amendment, and AUM is entitled to summary judgment as a matter of law on those claims.

## ARGUMENT

I.   <u>Controlling Law Disposes Of Plaintiff's Section 1981 Claim.</u>[1]

Controlling law mandates the dismissal of Plaintiff's Section 1981 claim against AUM, an instrumentality of the state of Alabama. The Eleventh Amendment bars private actions against an instrumentality of the state in federal court. U.S. Const. amend. XI; Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261, 267-68 (1997). In Rigby v. Auburn Univ., 448 So. 2d 345, 347 (Ala. 1984), the Alabama Supreme Court directly held that "Auburn University is an instrumentality of the state." Consequently, there is no genuine dispute about a material fact because the controlling law flatly prohibits a verdict for Plaintiff on her Section 1981 claim against AUM.

Even Plaintiff admits that "[c]ontrolling legal principles dictate the immediate dismissal of [a party] on asserted claims from which it is immune." (Pl. Brief p.5 citing Thomas v. Alabama State Dep't of Mental Health and Mental Retardation, 2005 U.S. Dist. LEXIS 40039, *7 (M.D. Ala. Jun. 10, 2005)). This Court in Thomas further stated that "[a] valid claim of Eleventh Amendment immunity bars the action altogether from proceeding against the movant." Id.

---

[1] Defendant addressed the lack of merit of Plaintiff's Title VII claims in Defendant's Second Motion for Summary Judgment (Dkt. 28), filed July 21, 2006.

Although Plaintiff's brief correctly cites the governing law, her only argument, which appears in the last paragraph of section 1. of her brief, distorts the law. She argues: "Based on the aforementioned case law, assuming that AUM is considered to be immuned [sic] from Section 1981, Defendant did not properly meet its initial burden in its Motion for Summary Judgment." AUM has no idea what this sentence means. If AUM is immune – and quite clearly it is – it does not have an initial burden. All AUM has to do is assert its immunity. It has done so, and it is entitled to prevail. Thus, Plaintiff's Section 1981 claim is indeed ripe for summary disposition.

II.    AUM Has Not Consented To This Lawsuit.

Plaintiff's contention that AUM consented to this lawsuit by defending against Plaintiff's claims is supported by neither law nor by logic. The Supreme Court stated that consent or waiver of immunity must be stated "by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction." Edelman v. Jordan, 415 U.S. 651, 673 (1974) (quoting Murray v. Wilson Distilling Co., 213 U.S. 151, 171 (1909)).

Although a state may waive its Eleventh Amendment immunity, such a waiver is not to be lightly inferred, Mills Music, Inc. v. State of Arizona, 591 F.2d 1278, 1282 (9th Cir. 1979), and the test for finding waiver by a state is a stringent one. Actmedia, Inc. v. Stroh, 830 F.2d 957, 963 (9th Cir. 1986) (citing Atascadero State

Hosp. v. Scanlon, 473 U.S. 234 (1985)).  Plaintiff argues on Pages 5 and 6 of her Brief that AUM "waived its consent" [sic] by answering this lawsuit and participating in discovery.  Controlling law dictates that governmental defendants who have done considerably more than that do not thereby waive their Eleventh Amendment immunity.

In Edelman v. Jordan, 415 U.S. 651, 663 (1974), the Eleventh Amendment defense was first raised in the Court of Appeals after an award of judgment against the state in the district court.  Despite the failure to raise the defense earlier, the Supreme Court held, "[I]t has been well settled since the decision in Ford Motor Co. v. Department of Treasury, 323 U.S. 459 (1945), that the Eleventh Amendment defense sufficiently partakes of the nature of a jurisdictional bar so that it need not be raised in the trial court."  415 U.S. at 677-78.  See also Mills Music, 591 F.2d at 1282 (governmental defendant did not waive its Eleventh Amendment defense by failing to interpose this defense until after trial and entry of judgment); Ford Motor Co., 323 U.S. at 467 ("The Eleventh Amendment declares a policy and sets forth an explicit limitation on federal judicial power of such compelling force that this Court will consider the issue arising under this Amendment in this case even though urged for the first time in this Court"); Calderon v. Ashmus, 523 U.S. 740, 745 n.2 (1998)("the Eleventh Amendment is

jurisdictional in the sense that it is a limitation on the federal court's judicial power, and therefore can be raised at any stage of the proceedings").

Plaintiff does not meet the "stringent" standard for showing waiver in the present case. Furthermore, Plaintiff does not provide any legal authority for her contention that consent may be shown by defending against a lawsuit. Plaintiff's contention that passive conduct may be considered consent or waiver of immunity contradicts resolute authority and must be rejected. Accordingly, AUM retains its sovereign immunity, and AUM must be granted judgment on Plaintiff's Section 1981 claims.

## CONCLUSION

For the foregoing reasons, AUM requests that the Court grant its motion for summary judgment as to Plaintiff's clams under 42 U. S. C. § 1981.

>AUBURN UNIVERSITY MONTGOMERY
>
>s/Burton F. Dodd
>Burton F. Dodd
>
>Georgia Bar No. 223880
>bdodd@laborlawyers.com
>
>
>FISHER & PHILLIPS LLP
>945 East Paces Ferry Road
>Suite 1500
>Atlanta, Georgia 30326
>(404) 231-1400 (Voice)
>(404) 240-4249 (Facsimile)

Atlanta 1033053.1

5

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

NORTHERN DIVISION

| | |
|---|---|
| CYNTHIA ELLISON, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | 2:05-CV-00902-MHT-DRB |
| AUBURN UNIVERSITY ) | |
| MONTGOMERY, ) | |
| ) | |
| Defendant ) | |

### CERTIFICATE OF SERVICE

I certify that, on August 18, 2006, I electronically filed Defendant's Reply Memorandum of Law in Support of First Motion for Summary Judgment with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

        Karen Sampson Rodgers
        karensrodgers@email.com

        AUBURN UNIVERSITY MONTGOMERY

        s/Burton F. Dodd
        Burton F. Dodd